# McElroy, Deutsch, Mulvaney & Carpenter, LLP
**ATTORNEYS AT LAW**

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

WALTER F. TIMPONE
Direct dial: (973) 425-8701
wtimpone@mdmc-law.com

February 11, 2011

**VIA ECF**
Honorable Madeline Cox Arleo, U.S.M.J.
King Federal Bldg. & United States Courthouse
50 Walnut Street
Newark, NJ 07101

      RE:    **United States *ex rel.* Simring v. UMDNJ**
             **Civil Action No. 04-3530 (PGS) (MCA)**
             **MDMC File No. U0063-1005**

Dear Judge Arleo,

     We represent the University of Medicine and Dentistry of New Jersey, University Hospital, and New Jersey Medical School (collectively "UMDNJ" or "Defendants") in the above-referenced matter. Please accept this letter brief in lieu of a more formal brief in opposition to Relator's motion to compel McElroy, Deutsch, Mulvaney & Carpenter's ("MDM&C") time records for legal services provided to UMDNJ.

     As the Supreme Court noted in the seminal case on attorney's fees awards, *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), "[a] request for attorney's fees should not result in a second major litigation." Relator's demand for production of MDM&C's time records, so that the parties may "thoroughly litigate this issue," is nothing more than its latest effort to inappropriately create major litigation out of what should be a straightforward fee dispute. This thin veil of pretense does nothing to hide Relator's true motive. Through its motion, Relator seeks justification for the exorbitant fees demanded in the underlying fee dispute. The by-

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Honorable Madeline Cox Arleo, U.S.M.J.
February 11, 2011
Page 2

product of the motion will be to increase the already unreasonably bloated attorneys' fees at the expense of a public institution that has at all times acted reasonably and in good faith. Disclosure of MDM&C's attorney-client protected time records related to matters other than Relator's *qui tam* case serves no reasonable purpose and will not assist the court in its determination of the reasonableness of Relator's fee demand. Relator's motion must be denied.

## Legal Argument

I.  Relator Has Already Been Provided With All Required Time Records Pursuant to the Bargained-For Confidentiality Agreement

Relator's motion is governed by the confidentiality agreement entered into by UMDNJ and Relator on November 9, 2009. In an effort to resolve the fee dispute underlying this motion, UMDNJ entered into the confidentiality agreement while having no obligation to do so. "One who signs a written agreement is conclusively bound by its terms unless fraud, duress or some other unlawful act on the part of a party is demonstrated." *Stanton v. Rich Baker Berman & Co.*, 876 F. Supp. 1373, 1384 (D.N.J. 1995) (internal citations omitted). The parties had equal bargaining power when they negotiated this agreement. Both sides were represented by competent counsel. No fraud, duress, or other unlawful act is alleged. Relator is bound by the terms of the agreement and may not seek remedies in excess of its bargained for consideration. *See Marchak v. Claridge Commons, Inc.*, 633 A.2d 531, 535 (N.J. 1993) ("Generally, courts should enforce contracts as made by the parties.").

According to that bargained-for agreement, in the event that Relator filed a motion seeking attorney's fees, UMDNJ was to provide "documentation of UMDNJ's counsel's expenses and time records related to legal services rendered in connection with the Action."

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Honorable Madeline Cox Arleo, U.S.M.J.
February 11, 2011
Page 3

"The Action" ("Action") is defined in the agreement as "*United States ex rel. Steven Simring v. UMDNJ et al.*" That definition does not include related or ancillary matters for which MDM&C represented UMDNJ. At the time the agreement was negotiated, Relator recognized that only the hours expended by MDM&C to represent UMDNJ on the civil *qui tam* action related in any way to the hours spent by Relator's counsel.

On June 24, 2010, UMDNJ provided Relator with redacted time records reflecting the hours spent litigating the *qui tam* case. The records supplied to Relator in accordance with the agreement reveal that MDM&C expended 202.6 attorney hours on the Action, in stark contrast to the 1,238.4 total attorney hours Relator claims. Relator would have the court believe that our time records encompass an "extremely narrow scope of production." That is simply not the case. The records produced accurately reflect the entirety of hours worked by MDM&C in connection with the *qui tam* Action brought by Relator. As explained to Relator, the redacted time entries do not pertain to the *qui tam* action. Instead, the redacted entries reflect other legal services provided to UMDNJ in conjunction with my, and through me MDM&C, acting as General Counsel for UMDNJ (*See* II(A), *infra*) and MDM&C's handing of other unrelated matters.

The vast majority of MDM&C's time representing UMDNJ was spent guiding UMDNJ through the requirements of the Deferred Prosecution Agreement ("DPA") entered into with the government in January 2006. The *qui tam* matter was stayed for more than three years and then quickly resolved. No discovery was ever exchanged in the Action. No depositions were taken. No interrogatories were propounded. No experts were retained. No motions were filed. One of Relator's counsel, Harry Litman, Esq., who now seeks the lion's share of the requested fees, never even filed a notice of appearance in the case.

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Honorable Madeline Cox Arleo, U.S.M.J.
February 11, 2011
Page 4

Upon receipt of MDM&C's records, Relator realized that MDM&C expended less than a quarter of the time on the *qui tam* case that was spent by Relator's counsel. Now, Relator seeks time records of hours spent on other matters that bear no relation to the Action as a means of justifying the exorbitant fees and hours claimed by Relator's counsel. This request is inappropriate and must be denied as it runs contrary to the terms of the confidentiality agreement.

II.     <u>There is No Entitlement in the Third Circuit to Defense Counsel's Time Records</u>

Contrary to Relator's position, there is no legal entitlement to defense counsel's time records in the Third Circuit. For the most part, courts in the Third Circuit have prohibited discovery of the hours and hourly rate of defense counsel. *Samuel v. University of Pittsburgh*, 80 F.R.D. 293, 295 (W.D.Pa. 1978). To the extent courts in the Third Circuit permit plaintiffs to seek discovery of defense counsel's time records, such discovery is limited to records that reflect "time spent defending plaintiff's claims." *Coalition to Save Our Children v. Bd. of Educ. of the State of Delaware*, 143 F.R.D. 61, 66 (D. Del. 1992). Relator has already been provided with these records.

Relator relies on *In re Fine Paper Antitrust Litigation*, 751 F.2d 562 (3d Cir. 1984) to support its claimed entitlement to MDM&C's time records. Relator's reading of *Fine Paper* is baffling, as the Third Circuit in that case actually upheld the denial of a motion to compel defense counsel's time records. *Id.* at 587 (finding that the trial court did not abuse its discretion by denying a motion to compel defense counsel's time records). The court expressed concerns with "the likelihood that such discovery would generate inquiries into collateral matters, such as privilege." *Id.* The concerns addressed in *Fine Paper* are also present here. UMDNJ produced

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Honorable Madeline Cox Arleo, U.S.M.J.
February 11, 2011
Page 5

redacted time records to Relator. These records accurately reflect the amount of time rendered by MDM&C in connection with the Action. Compelling UMDNJ to produce non-redacted records would raise serious privilege concerns related to legal services provided to UMDNJ in other matters, as well as generating inquiries into unrelated collateral matters.

    A.    <u>Privilege Concerns Preclude Disclosure of MDM&C's Time Records</u>

In early 2006, I was named acting General Counsel for UMDNJ. As part of my duties as acting General Counsel, I, and through me MDM&C, provided legal advice on matters far beyond the scope of the *qui tam* case brought by Relator. MDM&C provided general, day-to-day legal guidance to UMDNJ as well as representing its interest in the DPA, which lasted two years, terminating in January 2008. MDM&C also handled, and continues to handle, numerous employment related cases on behalf of UMDNJ. The *qui tam* case, the DPA and my position as acting general counsel were all billed under the same file number.

Information contained in billing records is protected by the attorney-client privilege. *See Montgomery County v. Microvote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999); *Quinlan v. Curtiss-Wright Corp.*, 976 A.2d 429, 442 (N.J. App. Div. 2009). Production of MDM&C's redacted time records that relate only to the *qui tam* action does not constitute waiver of the privilege for the remaining records. *See Paff v. Division of Law*, 988 A.2d 1239, 1250 (N.J. App. Div. 2010)("[A] limited disclosure of material subject to the attorney-client privilege is not automatically deemed an absolute and complete waiver"). MDM&C's non-redacted records are therefore protected by the attorney-client privilege between MDM&C and UMDNJ. Disclosure of these time records, which refer to matters unrelated to the *qui tam* Action, would impermissibly violate the confidential trust between MDM&C and its client, UMDNJ.

# M<small>C</small>E<small>LROY</small>, D<small>EUTSCH</small>, M<small>ULVANEY</small> & C<small>ARPENTER</small>, <small>LLP</small>

Honorable Madeline Cox Arleo, U.S.M.J.
February 11, 2011
Page 6

    B.    <u>Other Circuit Courts Prohibit Disclosure of Defense Counsel's Time Records</u>

The Third Circuit is not unique in prohibiting disclosure of defense counsel's time records. Some circuits take a more restrictive approach, finding no relevance whatsoever between time expended by plaintiff's counsel and time expended by defense counsel. In *Mirabal v. General Motors Acceptance Corp.*, 576 F.2d 729 (7th Cir. 1978), the Seventh Circuit rejected the use of defense counsel's time records as a means of determining whether plaintiff's counsel's requested hours were reasonable. The court found that

> "[A] given case may have greater precedential value for one side than the other. Also, a plaintiff's attorney, by pressing questionable claims and refusing to settle except on outrageous terms, could force a defendant to incur substantial fees which he later uses as a basis for his own fee claim."

*Id.* at 731. Likewise, in *Harkless v. Sweeney Indep. School Dist.*, 608 F.2d 594 (5th Cir. 1979), the Fifth Circuit found that time exerted by defense counsel is irrelevant in determining the reasonableness of time expended by plaintiff's counsel.

The Seventh Circuit's reasoning in *Mirabal* is applicable here. Relator's motion to compel MDM&C's time records is proof of Relator's counsel's efforts to force UMDNJ to incur additional unnecessary fees. Relator's demand for exorbitant and unreasonable counsel fees, and refusal to settle this dispute for a reasonable amount, are evidence of Relator's bad faith in continuing to litigate what should be a straightforward fee dispute. Relator's motion serves no purpose other than to further bloat its already unreasonable demand.

# M<small>C</small>E<small>LROY</small>, D<small>EUTSCH</small>, M<small>ULVANEY</small> & C<small>ARPENTER</small>, <small>LLP</small>

Honorable Madeline Cox Arleo, U.S.M.J.
February 11, 2011
Page 7

    C.    <u>MDM&C's Time Records Should Not be Disclosed Even Under Case Law Established in Some Circuits That Permits Disclosure of Defense Counsel's Time Records</u>

Reasonableness is the common element identified by the Circuit Courts that permit disclosure of defense counsel's time records. Even in these outlier circuits, such disclosures are permitted only to allow plaintiff's counsel to demonstrate the reasonableness of their claimed hours. The time records turned over juxtaposing MDM&C's 202.6 attorney hours on the Action against the 1,238.4 total attorney hours Relator claims shows the unreasonableness of Relator's demands. Nothing further is required nor approved by these permissive circuits. The time spent by MDM&C on unrelated matters on behalf of UMDNJ provides an inaccurate, unreasonable basis for comparison to Relator's counsel's time records and should not be condoned. More disclosure is inherently unreasonable.

In *Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 542-43 (10th Cir. 2000), relied upon by the District of Connecticut in *Serricchio v. Wachovia Securities, LLC*, 258 F.R.D. 43 (D.Conn. 2009), the Tenth Circuit opined that "evidence of the hours expended by opposing counsel may be helpful in determining whether time expended on a case was reasonable." Similarly, in *Black v. Lojac Enterprises, Inc.*, 1997 U.S. App. LEXIS 17205 at *13 (6th Cir. July 2, 1997), the Sixth Circuit posited, in dicta, that "where the issue of the reasonableness of the time expended is fully joined, the amount of time spent by the opposing party is a relevant benchmark as to the amount of time reasonably required." Finally, in *Stastny v. Southern Bell Tel. & Tel. Co.*, 77 F.R.D. 662, 663-64 (W.D.N.C. 1978)[1], the district court noted:

---

[1] The reasoning of *Stastny* was expressly rejected by the Western District of Pennsylvania in *Samuel.* 80 F.R.D. at 296.

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Honorable Madeline Cox Arleo, U.S.M.J.
February 11, 2011
Page 8

> "In a contest over what time was reasonably and necessarily spent in the preparation of a case, it is obvious that the time that the opposition found necessary to prepare its case would be probative. Each party must prepare to question the same witnesses, must review the same documents and other evidence, and must anticipate a presentation by the opposition of a complexity related to the facts in issue. Similarly, work on pretrial motions would reflect what volume of work opposing attorneys deemed reasonable."

The reasonableness distinction is important, as it led even the permissive Circuits cited above to deny requests for disclosure. In *Black*, for instance, although the Sixth Circuit found defense counsel's time records to be relevant, the court nevertheless upheld the trial court's refusal to compel disclosure because such disclosure would have been unreasonable under the circumstances. 1997 U.S. App. LEXIS at *13. The plaintiff provided a summary of time expended by its counsel, which created an inappropriate basis for comparison to defense counsel's time records. *Id.* Disclosure was therefore unreasonable and unwarranted.

The case at bar is distinguishable from *Stastny*. Here, there were no witnesses deposed. There were no interrogatories exchanged or answered. While UMDNJ raised a defense pursuant to the Eleventh Amendment, no motions or briefs were ever filed with the court. There was no need to anticipate complex presentations by counsel because settlement was a foregone conclusion following the DPA. MDM&C's non-redacted time records reflect time expended representing UMDNJ under the DPA in unrelated matters provides no illumination as to the reasonableness of Relator's counsel's time records.

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Honorable Madeline Cox Arleo, U.S.M.J.
February 11, 2011
Page 9

    III.    <u>Time Spent by MDM&C on Matters Other Than the *Qui Tam* Case is Irrelevant to Relator's Request for Attorneys' Fees</u>

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended *on the litigation* multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433 (emphasis added). Thus, the time to be considered is the time actually spent actually *on the litigation*, not time spent on related or ancillary matters. Stated more colloquially, the court must compare apples to apples, not apples to oranges.

The total hours worked by MDM&C on all UMDNJ matters provides an inaccurate basis of comparison to the work undertaken by Relator's counsel in this Action. Any non-redacted records, including day-to-day legal services provided to UMDNJ in conjunction with my serving as acting General Counsel, as well as time spent navigating UMDNJ through the DPA, bears no relationship to the claimed legal services provided to Relator by its counsel. For the foregoing reasons, UMDNJ respectfully requests that the Court deny Relator's motion to compel MDM&C's non-redacted time records.

        Respectfully Submitted,

        McElroy, Deutsch, Mulvaney & Carpenter, LLP

        */s/ Walter F. Timpone*
        Walter F. Timpone, Esq.
        *Attorney for Defendant UMDNJ*
        1300 Mount Kemble Ave., P.O. Box 2075
        Morristown, NJ 07962-2075
        (973) 993-8100

cc:    Eric Jaso, Esq. (*via ECF*)