# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. STEVEN S. SIMRING, M.D.<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY PHYSICIAN ASSOCIATES (UPA), et al.<br><br>Defendants. | Civil Action No.:  04-cv-3530 (PGS)<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff, Steven Simring's Motion for Reconsideration (ECF No. 153) to increase the amount of legal fees awarded. The facts of the case are set forth in Magistrate Judge Arleo's Report and Recommendation dated October 2, 2012 (ECF No. 117) (the "Report"), and this Court's Decision and Order dated August 22, 2013 (ECF No 150) ("Decision"); and therefore the facts are not set forth at length herein.

The Report was very thorough, and carefully scrutinized the request for fees and costs by relator's counsel. It granted a fee in the amount of $365,867.10 to Mr. Furst and Mr. Lipman. The Decision adopted the Report's rationale in its entirety except for two items. Namely, there was an application for fees by Stone & Magnanini who was retained to litigate the amount of the legal fees on behalf of Mr. Furst and Mr. Lipman ("fee on fee request") which the Report denied; but the Decision awarded an additional $365,867.10. Secondly, there were many "blocked billed" entries contained within the many bills supporting the proposed legal fees which included legal research and other activities.  The Report deemed that the entire block billed items should be billed as legal research (the lowest hourly rate) because there was no other means to equate or break down the time spent on each activity. Hence, the Report awarded research time at $250.00 per hour, and then multiplied that rate times the number of

hours billed in the entry. The Decision modified same. In the Decision, the Court awarded a blended rate ($425.00 per hour) to all block billed entries. That is, the Court blended the highest rate of New Jersey litigators ($650.00 per hour) with the usual associate's rate ($250.00 per hour) and found that a median hourly rate of $425.00 per hour was a more appropriate method to determine the value of the broad variety of activities within the block billed entries. This added $50,520.00 to the fee recommended by the Report. Hence, the fee awarded to Mr. Furst, Mr. Lipman and Stone & Magnanani was increased to $743,586.60 by the Decision. Despite this substantial increase, this motion seeks additional fees.

II.

Motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(i). The "extraordinary remedy" of reconsideration is "to be granted sparingly." *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). The Rule "does not contemplate a Court looking to matters which were not originally presented." *Damiano v. Sony Music Entertainment, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996) (quoting *Florham Park Chevron, Inc., v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)).

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotincki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). "Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc.*, 935 F. Supp. at 516; *See* Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d § 2810.1. Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *See, North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Because reconsideration of a judgment after its

entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and only when "dispositive factual matters or controlling decisions of law" were brought to the Court's attention but not considered. *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987). *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

III.

Counsel seeks review in five major areas. Each is analyzed below in light of the reconsideration standard.

The first issue concerns the fee on fee award. As noted above, the Court awarded a fee to Stone & Magnanini but did not award any such fees to Mr. Lipman and Mr. Furst. Evidently, Mr. Lipman worked 40 hours and Mr. Furst worked 17.1 hours on the award of legal fees prior to the retention of Stone & Magnanini. They argue that the Decision failed to assess fees for hours spent before Stone & Magnanani was retained by Mr. Furst and Mr. Lipman. Said counsel argue that the Decision appears to have permitted such fees pursuant to some language in the decision. Despite relator's counsel's contention, the Decision did not award fees to Mr. Furst and Mr. Lipman prior to engagement of Stone & Magnanini because it was unfair "to bill defendants for the fees of three attorneys" (Mr. Lipman, Mr. Furst and Stone & Magnanani). (ECF No. 150, p. 1476). Since the Decision is clear, the Court does no find any manifest errors of law or abuse of discretion which requires reconsideration, the Court denies same.

The second issue concerns block billing. Mr. Lipman argues that legal research "was only a small fraction of the nearly 200 hours of block billing and "the hour figure" represented the total amount of time billed for <u>all</u> days that included <u>any</u> entry for legal research." (ECF 103 at p. 1492) (Emphasis in original). Lipman "suggests that imposing a substantial penalty on counsel who undertake brief legal research tasks is neither just . . . nor consistent with governing law." (ECF 153-1 at p. 1493). This

matter was carefully vetted and resolved reasonably in the Decision by applying a blended rate (ECF No. 150, at page 1474-75). Under the reconsideration standard, this argument is simply an attempt to relitigate old matters, and the court denies this portion of the application.

The third issue is that Stone &Magnanini seeks to supplement the fees of their fee on fee request, and those of Mr. Lipman and Mr. Furst as well by adding new hours for more recent work. To the best of my knowledge, this information was never presented before the final settlement conference, nor in the previously submitted briefs. The purpose of a reconsideration motion is not "to raise arguments or present evidence that could have been raised prior the entry of judgment" as this argument does; hence the Court denies same.

The fourth issue claims that the "Furst and Litman fees even for time spent preparing for and attending court-ordered settlement conferences including the conference the day before the decision and order" (August 21, 2013) should be compensated. This is nothing new. The Court awarded fees to Stone & Magnanini on the fee on fee request; but it denied same for the work of Mr. Lipman and Mr. Furst because the use of three firms to pursue their claim is unreasonable.

Within this request, there are two references concerning Mr. Lipman's extraordinary effort to attend the August 21, 2013 settlement conference. For instance, the brief (ECF No. 53-1, p. 1488) states "the Court ordered counsel with settlement authority to attend (as the Court is aware, Litman traveled from California [to Trenton, New Jersey] for the session on August 21, 2013"). A very similar assertion is set forth in his supplemental declaration (ECF No. 153-2 p. 1507). The comment lacks adequate context for two reasons. Initially, this fee dispute has been ongoing for a number of years; and during this time, all the attorneys, Magistrate Judge Arleo, and myself (to a more limited extent) made concerted efforts to determine a fair and reasonable fee. Each participant has handled themselves in a professional, civil, and timely manner. Mr. Lipman's efforts to attend the August 21, 2013 conference are of no greater importance than the efforts of others. Secondly, there was an ongoing request by Stone & Magnanini to

have all relator's counsel present at settlement conferences. The reason was obvious. That is, Stone & Magnanini, Mr. Furst and Mr. Lipman's fees were all in dispute and each lawyer had their own interest in arguing for their portion. This gave rise to a potential conflict of interest issue. In order to avoid same, Mr. Lipman's attendance was preferable.

Lastly, there is a request to pay the fees of Steven Altman in the amount of $17,616.00 who was "not acting as an attorney but only as a consultant who provided targeted . . . consultation on addressing certain of his former DOJ colleagues concerns." Relator's counsel is correct. The Court did not adequately resolve this issue previously. Since Mr. Altman appears to be more akin to a lobbyist rather than a lawyer, this rate ($465 per hour) and the time spent is reasonable. As such, his fees are awarded[1].

In conclusion, the proposed fees by relator's counsel as originally submitted was unreasonable. It was revised by the Report and the Decision and the amount previously awarded is fair and realistic (when Altman's fees are included).

ORDER

IT IS on this 16th day of December, 2013;

ORDERED that the motion for reconsideration regarding the expense related to the fees of Mr.Altman ($17,615.00) is granted; and all other matters within the motion are denied.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

---

1 When reviewing the role of Lipman and Altman, their involvement had the same purpose. That is to intercede or lobby the U.S. Attorney's Office to persuade them to undertake this case. As such, Lipman's fees should be somewhat similar to Altman's who acted as a lobbyist or governmental relations expert.